# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DWIGHT G. TYNDALL,<br>    Plaintiff,<br><br>            v.<br><br>DEPARTMENT OF THE ARMY U.S. ARMY CLAIMS SERVICE,<br>    Defendant. | Civil Action No.<br>1:22-cv-03136-SDG |

## OPINION & ORDER

This matter is before the Court on Plaintiff Dwight G. Tyndall's Motion for Clerk's Entry of Default [ECF 4]. The case is **DISMISSED**, and the motion [ECF 4] is **DENIED as moot**.

Tyndall initiated this action on August 8, 2022.[1] As the Court explained in its May 31, 2023 Order to Show Cause, Rule 4(m) requires a plaintiff to properly serve the defendant with process within 90 days of filing the complaint. Fed. R. Civ. P. 4(m).[2] For Tyndall, the deadline to comply with Rule 4(m) lapsed on November 7, 2022; however, he never served Defendant with process.

---

[1]    ECF 1.

[2]    *See generally* ECF 4.

On May 31, 2023, the Court directed Tyndall to file proof of service of process within five days.[3] That deadline lapsed on June 5. On June 12, Tyndall filed a copy of his "Request for Entry of Default," which he sent to Defendant via U.S. mail.[4]

Tyndall proceeds *pro se*. Thus, the Court must construe his filings leniently and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (internal quotation marks omitted). *See also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). And, even setting aside that Tyndall's renewed Motion for Clerk's Entry of Default was untimely filed, Tyndall's mailing of his "Request for Entry of Default" to Defendant does not constitute service of process. Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint

---

[3] ECF 4.

[4] *See generally id.*

served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").

Because Tyndall failed to demonstrate that he served process on Defendant pursuant to Rule 4(m)—that is, a copy of the summon and complaint—the case is **DISMISSED**. The Motion for Clerk's Entry of Default [ECF 4] is **DENIED as moot**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 30th day of June, 2023.

Steven D. Grimberg
United States District Court Judge