# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DWIGHT G. TYNDALL,

    Plaintiff,

              v.

DEPARTMENT OF THE ARMY U.S. ARMY CLAIMS SERVICE,

    Defendant.

Civil Action No.
1:22-cv-03136-SDG

## ORDER OF APPOINTMENT

Pro se Plaintiff Dwight G. Tyndall paid the filing fee when he initiated this suit but later sought to proceed in forma pauperis and asked the Court to appoint counsel to represent him.[1] The Court originally denied without prejudice the request for the appointment of counsel.[2] Given Tyndall's indigency (reflected in his inability to retain counsel despite significant efforts) and the complexities of this case, the Court now believes that the appointment of counsel is necessary for the fair and just resolution of this litigation.

## I.    Discussion

While a civil plaintiff has no constitutional right to counsel, the Court may appoint an attorney for an indigent plaintiff under certain circumstances. 28 U.S.C. § 1915(e)(1). Factors the Court should consider when making this decision include:

---

[1]    ECF 7.

[2]    ECF 9.

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. The [ ] court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.

*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted). *See also Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 n.11 (11th Cir. 2013) ("This Court has often looked to the factors outlined in *Ulmer* . . . for guidance in determining if exceptional circumstances warrant appointment of counsel.") (citations omitted). The Eleventh Circuit has held that, when making this determination, "[t]he key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Here, the Court has already determined that the appointment of counsel for Plaintiff Dwight Tyndall is appropriate. Defendant Department of the Army U.S. Army Claims Service (the Army) moved to dismiss, raising a factual challenge to the Court's subject matter jurisdiction.[3] The Court denied the motion without prejudice because Tyndall sufficiently rebutted this challenge to demonstrate his

---

[3]     ECF 17.

entitlement to jurisdictional discovery.[4] Given the complex and technical nature of the relevant issues, the Court concluded that their presentation requires the "assistance of a trained practitioner."[5] This will be a service to Tyndall, as well as to the Court, because appointed counsel will be able to sharpen the issues and ultimately assist the Court in making a just determination.

## II.    Conclusion

The Court **VACATES** the portion of its March 30, 2024 Order [ECF 9] that denied without prejudice Tyndall's motion to appoint counsel. Tyndall's request for the appointment of counsel [ECF 7] is **GRANTED**. The Court **APPOINTS** Michael Caplan of Caplan Cobb LLC and John Fortuna of Jones Fortuna LP—as well as any other attorneys in their respective law firms whom they may designate to work under their supervision—as counsel for Tyndall. Messrs. Caplan and Fortuna have already agreed to accept this pro bono appointment. They shall file their notices of appearance on the docket as soon as practicable. The Court will schedule a status conference with counsel for the parties in the near future. Counsel for the parties are instructed to confer in advance of the status conference and email chambers for undersigned with an agenda of proposed items to discuss during the conference.

---

[4]    ECF 23.

[5]    *Id.* at 11 (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).

The Clerk is **DIRECTED** to reopen this action and to mail a copy of this Order to Tyndall at the address listed on the docket.

**SO ORDERED** this 15th day of July, 2025.

Steven D. Grimberg
United States District Judge